JAMES WHALEY                                                          PLAINTIFF

V.

T-MOBILE, USA, INC.                                         DEFENDANT

## REPORT AND RECOMMENDATION

The presiding district judge has referred defendant T-Mobile, USA, Inc.'s ("T-Mobile") motion to compel arbitration. Doc. 16. After examining the record and applicable law, I recommend that the motion [Doc. 8] be granted.[1]

### I. Factual and Procedural History

The parties do not dispute the basic facts necessary to resolve the motion to compel arbitration. In May 2012 plaintiff opened a T-Mobile account and activated a cellular telephone serviced by T-Mobile. The starter kit which plaintiff was required to purchase to open the

---

[1] Since the order of referral was issued after briefing on the motion to compel arbitration was complete, the parties have not addressed whether a motion to compel arbitration is a dispositive matter. Federal courts "are split on whether a motion to compel arbitration should be treated as dispositive, in which case a magistrate judge may only issue a report and recommendation, or a matter within the statutory authority of a United States Magistrate Judge to resolve by order." *BBCM, Inc. v. Healthy Systems Intern., LLC*, 2010 WL 4607917, at *1, n.1 (N.D.Iowa Nov. 4, 2010) (collecting cases).
       Though the Sixth Circuit has apparently not yet issued a definitive opinion on the matter, I note that other districts in this circuit have resolved motions to compel arbitration via the report and recommendation route. *See, e.g., Apex Radiology, Inc. v. F&S Apex, LLC*, 2008 WL 5110812 (N.D.Ohio Dec. 1, 2008) (adopting magistrate judge's report and recommendation and granting defendant's motion to stay proceedings pending arbitration); *Flannery v. Tri-State Div.*, 402 F.Supp.2d 819, 821 (E.D.Mich. 2005) (holding that "an order compelling arbitration has the practical effect of allowing the case to proceed in a different forum. Therefore, the Court views the order compelling arbitration as a dispositive motion . . . ."). Because "some courts have held that motions to compel arbitration are dispositive motions, while other courts have treated them as nondispositive motions . . . [o]ut of an abundance of caution, this court submits a report and recommendation pursuant to 28 U.S.C. §636(b)(1)(B)&(C)." *Patteson v. McAdams Tax Advisory Group, LLC*, 2010 WL 711161, at *1, n.1 (W.D.Tenn. Feb. 14, 2010).

account and activate the phone, contained numerous terms and conditions. Section two of the terms and conditions stated in capital, bold letters that "**WE EACH AGREE THAT, EXCEPT AS PROVIDED BELOW, ANY AND ALL CLAIMS OR DISPUTES IN ANY WAY RELATED TO OR CONCERNING THE AGREEMENT, OUR SERVICES, DEVICES OR PRODUCTS, INCLUDING ANY BILLING DISPUTES, WILL BE RESOLVED BY BINDING ARBITRATION, RATHER THAN IN COURT.**" Doc. 8-2, p.9. Section two of the terms and procedures subsequently provided that plaintiff could "opt out of these arbitration procedures by calling 1-866-323-4405" within thirty days from the date the service was activated. *Id.* Plaintiff did not exercise his opt out rights.

According to the complaint, beginning in July 2012 T-Mobile or its agents used an automatic dialing system to call plaintiff regarding a debt purportedly owed by Thomas Latrell. Doc. 1, p. 2-3. Plaintiff called to inform T-Mobile that he was not Thomas Latrell and asked to not receive any further calls regarding Latrell's alleged debt. However, the automated calls continued for weeks. *Id.* Plaintiff's complaint alleges that he received over thirty automated calls. *Id.* at p.3.

Plaintiff filed this action in January 2013 against T-Mobile, alleging that the automated phone calls regarding a debt owed by a Thomas Latrell violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. 227(b)(1)(A)(iii).[2] *Id.* In lieu of an answer, in May 2013 T-Mobile filed a motion to compel arbitration and stay this action pursuant to plaintiff's arbitration

---

[2] 47 U.S.C. §227(b)(1)(A) provides in relevant part that it is unlawful to use "any automatic telephone dialing system or an artificial or prerecorded voice" to call "any telephone number assigned to a . . . cellular telephone service . . . ." Such calls are not illegal if they are "made for emergency purposes or made with the prior express consent of the called party . . . ." *Id.*

agreement with T-Mobile and the Federal Arbitration Act ("FAA"), 9 U.S.C. §3, 4.[3]  Doc. 8.

After briefing on the motion to compel arbitration was completed, Judge Bunning issued the order of referral.  Doc. 15.

**II. Analysis**

There is a "strong presumption in favor of arbitration."  *KenAmerican Resources, Inc. v. Potter Grandchildren, LLC*, 916 F.Supp.2d 799, 800 (E.D.Ky. 2013) (quotation marks and citation omitted).  "[A]ny doubts regarding arbitrability must be resolved in favor of arbitration." *Electrolux Home Products, Inc. v. Mid-South Electronics, Inc.*, 2008 WL 3493466, at *2 (E.D.Ky. Aug. 11, 2008).  However, "[b]efore compelling an unwilling party to arbitrate, the court must engage in a limited review to determine whether the dispute is arbitrable; meaning that a valid agreement to arbitrate exists between the parties and that the specific dispute falls within the substantive scope of that agreement."  *Javitch v. First Union Securities, Inc.*, 315 F.3d 619, 624 (6th Cir. 2003).

Plaintiff argues that no valid agreement to arbitrate exists because plaintiff did not agree to arbitrate any debt owed by Thomas Latrell.  However, the question before the Court is not whether any dispute between Latrell and T-Mobile is arbitrable.  Latrell is not a party to this action and any dispute he may have with T-Mobile is not germane.  Rather, the proper question is whether the dispute between plaintiff and T-Mobile is arbitrable.  As noted previously, there is clearly an arbitration clause in the terms and conditions which plaintiff agreed to in order to

---

[3] 9 U.S.C. §3 provides in relevant part that upon application, a court in which an action is pending that has "any issue referable to arbitration under an agreement in writing for such arbitration" shall "stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement . . . ."  9 U.S.C. §4 provides in relevant part that "[a] party aggrieved by the alleged failure . . . or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction . . . for an order directing that such arbitration proceed in the manner provided for in such agreement."

obtain cellular telephone service from T-Mobile. There is no indication that plaintiff was fraudulently or otherwise improperly induced to enter into the agreement with T-Mobile. Moreover, plaintiff chose not to exercise his contractual right to opt out of the arbitration clause. Therefore, there is a valid arbitration agreement between plaintiff and T-Mobile.

The question then becomes whether plaintiff's TCPA claim falls within the scope of the arbitration agreement. The arbitration clause at issue requires arbitration for "any and all claims or disputes in any way related to . . . the agreement, [T-Mobile's] services, devices or products . . . ." Doc. 8-2, p. 9 (emphasis and capitalization omitted). Similar clauses calling for arbitration of disputes relating to an agreement have been deemed to be broadly written. *See, e.g., Electrolux Home Products, Inc.*, 2008 WL 3493466, at *3 (construing clause requiring arbitration if a dispute "relates to this agreement" as being broadly written); *Glazer v. Lehman Bros., Inc.*, 394 F.3d 444, 448-450 (6th Cir. 2005) (finding that clause requiring arbitration of "'[a]ny controversy arising out of or relating to" an agreement to be broadly written); *Ferro Corp. v. Garrison Industries, Inc.*, 142 F.3d 926, 937 (6th Cir. 1998) (deeming "conspicuously broad" an arbitration clause mandating arbitration for "'[a]ll controversies and claims arising out of or relating to this Agreement . . . .'"). Because the language in the arbitration clause at hand is similar to arbitration clauses which have previously been construed as having been broadly written, the Court should conclude the present clause is broadly written.

Once an arbitration clause is deemed to have been broadly written, "only an express provision excluding a specific dispute, or the most forceful evidence of a purpose to exclude the claim from arbitration will remove the dispute from consideration by the arbitrators." *Watson Wyatt & Co.*, 513 F.3d at 650 (internal quotation marks and citations omitted). There is no clause in the present agreement specifically excluding TCPA claims from being arbitrable.

When trying to determine if a dispute falls within an arbitration clause "[a] proper

4

method of analysis . . . is to ask if an action could be maintained without reference to the contract or relationship at issue. If it could, it is likely outside the scope of the arbitration agreement." *Fazio v. Lehman Bros, Inc.*, 340 F.3d 386, 396 (6th Cir. 2003). This action cannot be properly maintained without reference to the contract at issue because, among other reasons, T-Mobile relies upon a clause of the agreement as its defense to plaintiff's claim. Specifically, T-Mobile relies upon section fifteen of the agreement, which provides in relevant part that "[y]ou [plaintiff] expressly consent to be contacted, for any and all purposes, at any telephone number . . . you provide to us or that we provide to you. You agree that we may contact you in any way, including, pre-recorded or artificial voice or text messages delivered by an automatic telephone dialing system . . . ." Doc. 8-2, p.14. According to T-Mobile, that clause satisfies 47 U.S.C. §227(b)(1)(A)'s requirement that it is not unlawful to make automated phone calls to persons who have given prior express consent to receive such calls.

Plaintiff contends that defendant's reliance upon section fifteen of the agreement is improper because that section only meant that plaintiff agreed to receive automated calls from T-Mobile related to plaintiff's account, not automated calls relating to Latrell or any other person. Plaintiff's argument, however, is really an argument going to the merits of T-Mobile's defense. At this stage, the Court's duty is not to determine whether T-Mobile's defense is meritorious. *See, e.g., J.L. Moore, Inc. v. Settimo*, 2011 WL 220005, at *2 (N.D.Ohio Jan. 20, 2011) ("'The court's role is limited to determining arbitrability and enforcing agreements to arbitrate, leaving the merits of the claim and any defenses to the arbitrator.'") (quoting *Republic of Nicaragua v. Standard Fruit Co.*, 937 F.2d 469, 479 (9th Cir. 1991)). Rather, the Court should only determine if plaintiff's claim may be resolved without referring to the agreement between plaintiff and T-Mobile.

Clearly, the claim cannot be resolved without referring to the agreement because it will

be necessary to examine section fifteen of the agreement to resolve both plaintiff's TCPA claim[4] and T-Mobile's defense. In short, plaintiff's claim cannot be adequately resolved without examining the agreement between the parties. Accordingly, the dispute falls within the scope of the arbitration clause meaning that T-Mobile's motion to compel arbitration and stay this action should be granted.[5]

### III. Recommendation

For the foregoing reasons, it is **RECOMMENDED:**

Defendant's motion to compel arbitration and stay this action [Doc. 8] should be **granted**.

Particularized objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service or further appeal is waived. Fed. R. Civ. P. 72(b)(2); *see also U.S. v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140, 155 (1985). A general objection that does not "specify the issues of contention" is not sufficient to satisfy the requirement of a written and specific objection. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)(citing *Howard v. Secretary of HHS*, 932 F.2d 505, 508-09 (6th Cir. 1991)). Poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal. *Howard*, 932 F.2d at 509. A party may respond to another party's objections within fourteen days of being served with a copy of those objections. Fed. R.

---

[4]To recover under the TCPA plaintiff must show that T-Mobile "knew that [p]laintiff did not consent to the phone calls." *Harris v. World Financial Network Nat. Bank*, 867 F.Supp.2d 888, 895 (E.D.Mich. 2012). To resolve plaintiff's claim it will therefore be necessary to examine section fifteen to determine whether T-Mobile knew that plaintiff had not consented to receive the calls at issue.

[5]The parties do not contend that the arbitrability question should be decided by an arbitrator, not the Court.

Civ. P. 72(b)(2).

This the 23rd day of August, 2013.



G:\Larry\Summary Judgment Orders & R&Rs & Motions to

Dismiss Starting April 2011\13-31, whaley, r&r m compel arbitration.wpd